IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SAM'S EAST, INC. and WALMART INC., <br><br> Defendants. | CIVIL ACTION NO. <br><br> JURY TRIAL DEMAND |

# COMPLAINT

This is an action under the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Patrice Campbell Joseph ("Joseph"), who was adversely affected by the unlawful employment practices. The Equal Employment Opportunity Commission (the "Commission" or the "EEOC") alleges that Sam's East, Inc. and Walmart Inc. (collectively "Defendants") discriminated against Joseph when they failed to accommodate her disabilities and terminated her employment because of her

disabilities, what they regarded to be her disabilities, and/or her need for reasonable accommodation of her disabilities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (the "ADA"), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Defendant Sam's East, Inc. is a corporation organized under the laws of the State of Arkansas and which maintains its principal place of business in Arkansas. At all times relevant to this action, Defendant Sam's East, Inc. transacted business in the State of Georgia.

5. Defendant Walmart Inc. is a corporation organized under the laws of the State of Delaware and which maintains its principal place of business in the State of Arkansas. At all times relevant to this action, Defendant Walmart Inc. transacted business in the State of Georgia.

6. Defendants maintain the same principal place of business located at 702 SW 8th Street, Bentonville, AR 72716.

7. Defendants maintain the same registered agent in the State of Georgia: The Corporation Company (FL), located at 410 Peachtree Parkway, Suite 4245, Cumming, GA 30041.

8. Defendants share several common officers, including the same Vice President and the same Treasurer.

9. Defendant Walmart Inc. is the ultimate parent company of Defendant Sam's East, Inc.

10. Defendant Sam's East, Inc. utilizes employment policies and handbooks promulgated by Defendant Walmart Inc. As relevant to this action, Defendants utilize the same medical leave and disability accommodation policies.

11. Defendants utilize the same third-party entity to administer employee requests for medical leave and disability accommodations.

12. Defendants are so integrated with respect to ownership and operations as to constitute a single or integrated enterprise for purposes of the ADA.

13. At all relevant times, Defendants have continuously had at least 15 employees.

14. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

15. At all relevant times, Defendants have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

16. More than thirty days prior to the institution of this lawsuit, Joseph filed a charge with the Commission alleging violations of the ADA by Defendant.

17. On May 8, 2024, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADA was violated and

inviting Defendants to join with the Commission in informal methods of conciliation.

19. EEOC was unable to secure a conciliation agreement on terms acceptable to the Commission.

20. EEOC issued Defendants a Notice of Conciliation Failure dated July 31, 2024.

21. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

21. Defendants have engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A), and (b)(5)(B) since in or about June 2022, when Defendants discriminated against Joseph because of her disability in failing to provide reasonable accommodation and terminating her on the basis of her disability (including the need to accommodate such disability).

22. Joseph is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

23. At all times relevant to this action, Joseph was qualified to perform the essential functions of the food processor or other available associate position, with or without a reasonable accommodation.

24. On or about June 1, 2021, Joseph suffered severe injuries in an automobile accident. Joseph's injuries resulted in, *inter alia*, post-concussion syndrome, upper back pain, muscle spasms, and chronic lower back pain. Joseph's injuries constituted impairments that substantially limited one or more major life activities, including her ability to lift and stand.

25. Defendants regarded Joseph as having a disability by refusing to permit her to return to her duties after a period of medical leave and by terminating her employment because of their perception of her impairments and/or her need for accommodation.

26. Defendants operate a chain of membership-only warehouse club retail stores throughout the United States. Defendants operate these stores under the name "Sam's Club."

27. Defendants hired Joseph to work as an associate in a Douglasville, Georgia Sam's Club store in 2015.

28. Joseph primarily worked as a food processor in the fresh food department of the Douglasville Sam's Club.

29. As a food processor, Joseph's responsibilities included taking inventories of fresh food items and preparing fresh food items for sale.

30. In or about 2018, Joseph injured her hand while working and had to wear a soft cast while she recovered.

31. In response to her work-injury, Joseph's supervisors at the Douglasville Sam's Club accommodated here by permitting her to staff the store's self-checkout section while she recovered.

32. Through June 1, 2021, Joseph successfully performed her role as a food processor.

33. On or about June 1, 2021, Joseph suffered injuries in an automobile accident.

34. The automobile accident left Joseph with post-concussion syndrome, neck pain, and chronic pain and spasming in her back.

35. Based on the recommendation of her medical provider, Joseph sought and received medical leave from her role with Defendants.

36. Joseph's medical leave lasted for about one year.

37. On or about April 29, 2022, Joseph's medical provider cleared her to return to work in early June 2022, with restrictions.

38. Joseph's medical provider recommended that, through December 3, 2022, Joseph avoid lifting more than ten pounds and take seated 10-minute breaks every two hours.

39. Defendants were aware of the restrictions recommended by Joseph's medical provider.

40. Joseph returned to work at the Douglasville Sam's Club for a shift on or about June 7, 2022.

41. Joseph successfully performed her shift.

42. Following her shift, Joseph received a text message from her Team Lead stating she would "have to take another leave of absence" because she was "not able to work doing light duties."

43. Joseph's Team Lead told her to follow up with the Douglasville store's Assistant Manager with any questions.

44. When Joseph followed up with the Assistant Manager, the Assistant Manager stated that Joseph would need to take another leave of absence because the store's General Manager informed her that company policies prohibited accommodating any work restrictions necessitated by injuries unrelated to work.

45. Joseph nonetheless contacted Defendants' third-party benefits administrator to formally request accommodations consistent with her medical provider's recommended restrictions.

46. Defendants' third-party benefits administrator contacted the Assistant Manager to seek her input on Joseph's request.

47. The Assistant Manager declined to support Joseph's accommodation request and informed Joseph that she "can't work" until she was "fully released."

48. On June 28, 2022, Defendants' third-party benefits administrator closed its file on Joseph's request and instructed her to work with her management team to discuss any next steps.

49. Upon Defendants' denial of permission for her to return to work with restrictions, Joseph contacted Defendants' third-party benefits administrator to seek another leave of absence until such time as she could return full duty, as instructed by the Assistant Manager.

50. On or about July 1, 2022, in connection with her leave of absence request, Joseph's medical provider informed Defendants' third-party benefits administrator that she could begin working without restrictions starting on or about December 2, 2022.

51. On or about July 5, 2022, Defendants' third-party benefits administrator informed Joseph that the requested leave she had been instructed to seek had been denied because her target return date was not "within a reasonable period of time."

52. Defendants' third-party benefits administrator thereafter informed Defendants that any termination of Joseph's employment would need to be carried out by the General Manager of the store at which Joseph worked.

53. Defendants' policies entitled Joseph to an "Open Door" meeting officials from her store to discuss any next steps.

54. Defendants, whose benefits administrator denied Joseph leave because it was not for "a reasonable period of time," thereafter took about two-and-a-half months to schedule an "Open Door" meeting with Joseph.

55. On or about September 21, 2022, prior to the scheduling of an "Open Door" meeting, the Assistant Manager called Joseph to begin the termination process.

56. On the call, Joseph reminded the Assistant Manager that she still had not had an "Open Door" meeting.

57. On or about September 22, 2022, the General Manager and the Assistant Manager jointly called Joseph to begin the termination process.

58. Joseph again reminded them that she still had not had an "Open Door" meeting.

59. After the call, the Assistant Manager informed Joseph that an "Open Door" meeting had been scheduled for the next day, September 23, 2022.

60. Joseph met with the General Manager and the Assistant Manager on or about September 23, 2022.

61. During their meeting, the General Manager told Joseph that she was an excellent worker but that the restrictions with which she had sought to return to work would not be honored because the injuries necessitating the restrictions occurred outside of work.

62. The General Manager then handed Joseph a separation notice and terminated her employment.

63. Neither the General Manager, the Assistant Manager, or any other of Defendants employees or representatives ever discussed with or offered Joseph any alternative accommodations.

64. The effect of the practices complained of in paragraphs 22 to 63 above has been to deprive Joseph of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

65. The unlawful employment practices complained of in paragraphs 22 to 63 above were intentional.

66. The unlawful employment practices complained of in paragraphs 22 to 63 above were done with malice or with reckless indifference to the federally protected rights of Joseph.

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all other persons in active concert or participation with them, from failing to reasonably accommodate individuals with disabilities or terminating employees because of their disabilities and/or their need for a reasonable accommodation.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make Joseph whole by providing appropriate backpay with prejudgment interest, in an amount to be determined at trial and such other affirmative relief necessary to eradicate the effects of its unlawful practices,

including but not limited to an offer of employment or front pay in lieu of such an offer.

    D.    Order Defendants to make whole Joseph by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 22 to 63 above, including medical expenses and bill penalties, in amounts to be determined at trial.

    E.    Order Defendants to make whole Joseph by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 22 to 63, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendants to pay Joseph punitive damages for their malicious and reckless conduct, as described in paragraphs 22 to 63 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

ROBYN M. FLEGAL
Supervisory Trial Attorney

*/s/ Fahad A. Khan*
Fahad A. Khan
Trial Attorney
Georgia Bar No. 442892
fahad.khan@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(470) 531-4811
(404) 562-6905 (facsimile)

JS44 (Rev. 9/2024 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANT(S)

SAM'S EAST, INC. and WALMART, INC.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Fahad A. Khan, Trial Attorney
Equal Employment Opportunity Commission
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(470) 531-4811 fahad.khan@eeoc.gov

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 U.S. GOVERNMENT PLAINTIFF
- [ ] 2 U.S. GOVERNMENT DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- [ ] 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | 1 | 1 | CITIZEN OF THIS STATE | 4 | 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | 2 | 2 | CITIZEN OF ANOTHER STATE | 5 | 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | 3 | 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | 6 | 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

- [x] 1 ORIGINAL PROCEEDING
- [ ] 2 REMOVED FROM STATE COURT
- [ ] 3 REMANDED FROM APPELLATE COURT
- [ ] 4 REINSTATED OR REOPENED
- [ ] 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
- [ ] 6 MULTIDISTRICT LITIGATION - TRANSFER
- [ ] 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT
- [ ] 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991. Discrimination on the basis of a disability.

- [x] YES
- [ ] NO

Does the relief requested in the complaint or petition seek to bar or mandate statewide and/or nationwide enforcement of a state and/or federal law, including a rule, regulation, policy, or order of the executive branch or a state and/or federal agency, whether by declaratory judgment and/or any form of injunctive relief?

(IF COMPLEX, CHECK REASON BELOW)

- [ ] 1. Unusually large number of parties.
- [ ] 2. Unusually large number of claims or defenses.
- [ ] 3. Factual issues are exceptionally complex
- [ ] 4. Greater than normal volume of evidence.
- [ ] 5. Extended discovery period is needed.
- [ ] 6. Problems locating or preserving evidence
- [ ] 7. Pending parallel investigations or actions by government.
- [ ] 8. Multiple use of experts.
- [ ] 9. Need for discovery outside United States boundaries.
- [ ] 10. Existence of highly technical issues and proof.

**CONTINUED ON REVERSE**

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT $ _____ APPLYING IFP _____ MAG. JUDGE (IFP) _____
JUDGE _____ MAG. JUDGE _____ NATURE OF SUIT _____ CAUSE OF ACTION _____
*(Referral)*

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 151 MEDICARE ACT
- ☐ 160 STOCKHOLDERS' SUITS
- ☐ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY
- ☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- ☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
- ☐ 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 440 OTHER CIVIL RIGHTS
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING/ ACCOMMODATIONS
- ☑ 445 AMERICANS with DISABILITIES - Employment
- ☐ 446 AMERICANS with DISABILITIES - Other
- ☐ 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- ☐ 462 NATURALIZATION APPLICATION
- ☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- ☐ 463 HABEAS CORPUS- Alien Detainee
- ☐ 510 MOTIONS TO VACATE SENTENCE
- ☐ 530 HABEAS CORPUS
- ☐ 535 HABEAS CORPUS DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS - Filed Pro se
- ☐ 555 PRISON CONDITION(S) - Filed Pro se
- ☐ 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- ☐ 550 CIVIL RIGHTS - Filed by Counsel
- ☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- ☐ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT. RELATIONS
- ☐ 740 RAILWAY LABOR ACT
- ☐ 751 FAMILY and MEDICAL LEAVE ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 820 COPYRIGHTS
- ☐ 840 TRADEMARK
- ☐ 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- ☐ 830 PATENT
- ☐ 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- ☐ 870 TAXES (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- ☐ 375 FALSE CLAIMS ACT
- ☐ 376 Qui Tam 31 USC 3729(a)
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC.
- ☐ 460 DEPORTATION
- ☐ 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- ☐ 480 CONSUMER CREDIT
- ☐ 485 TELEPHONE CONSUMER PROTECTION ACT
- ☐ 490 CABLE/SATELLITE TV
- ☐ 890 OTHER STATUTORY ACTIONS
- ☐ 891 AGRICULTURAL ACTS
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 895 FREEDOM OF INFORMATION ACT 899
- ☐ 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- ☐ 410 ANTITRUST
- ☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ☐ 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23   DEMAND $_____

JURY DEMAND ☑ YES ☐ NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____   DOCKET NO._____

**CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:** (CHECK APPROPRIATE BOX)
- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- ☐ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____, WHICH WAS DISMISSED. This case ☐ IS ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

---

Fahad A. Khan, Trial Attorney
Digitally signed by Fahad A. Khan, Trial Attorney
Date: 2025.01.17 10:09:03 -05'00'

1/17/2025

**SIGNATURE OF ATTORNEY OF RECORD**          **DATE**