IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC. and WALMART INC.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:25-CV-00222-SCJ-CMS |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendants Sam's East, Inc. and Walmart Inc. ("Defendants") failed to accommodate Patrice Campbell Joseph's disabilities and terminated her employment because of her disabilities, what they regarded as her disabilities, and/or her need for a reasonable accommodation of her disabilities.

The Commission and Defendants (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

Defendants deny the allegations that they engaged in any unlawful conduct, including but not limited to conduct in violation of the ADA and do not make any admission of liability by entering into this Consent Decree.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendants; and (5) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 1:25-CV-00222-SCJ-CMS filed by the Commission and in EEOC Charge No. 410-2023-02193 filed by Joseph, which serves as the jurisdictional prerequisite in this case. This Consent Decree does not resolve any other charge of discrimination currently pending before the Commission or any charge that may be filed in the future. The Commission reserves all rights to proceed with the investigation and/or litigation of any other charges or claims against Defendants, including but not limited to, the investigation and litigation of any other charges. Defendants reserve all rights to defend such action(s). The Consent Decree does not change the existing statutory obligations under the ADA to exhaust administrative remedies prior to filing a lawsuit.

2. **Nondiscrimination.** Defendants shall not engage in any employment practices which discriminate by failing to provide a reasonable accommodation as defined by the ADA to an employee with an actual or record of disability.

3. **No Retaliation.** Defendants shall not retaliate against any person because of their opposition to any practice made unlawful under the ADA.

4.     **Payment.** Defendants shall pay Joseph a total amount of Sixty Thousand Dollars ($60,000.00) (the "Settlement Payment") in full and final settlement of the claims raised in this action. Payment shall be made within thirty (30) days after the Court approves this Consent Decree. Defendants shall:

  a. issue a check in the amount of Thirty Thousand Dollars ($30,000), less all applicable tax withholdings, payable to Patrice Campbell Joseph;

  b. issue a check in the amount of Thirty Thousand Dollars ($30,000), payable to Patrice Campbell Joseph; and

  c. send the settlement check(s) to Joseph via overnight delivery at an address to be provided in writing to Defendants by the Commission. Defendants shall send to the Commission a copy of the checks and the tracking number of each envelope containing the settlement checks to Joseph.

Neither the Commission nor Defendants shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Joseph may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the

EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    a. Within thirty (30) days of the signing of this agreement, Defendants agree to provide to the EEOC (1) Defendants' EIN(s) and (2) the individual and physical address(es) to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual(s) must be an employee of Defendants.

    b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

5. **Nonpayment of Settlement Funds.** If Joseph does not receive the payments described in paragraph 4 above by the due date set forth therein due to a failure on the part of Defendants to properly transmit the same, Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-

compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

6. **Training.** During the term of this Consent Decree (two years), Defendant Sam's East, Inc. shall provide two annual mandatory training programs to all salaried managers, salaried supervisors, and human resources personnel working at Sam's Club No. 08211 in Douglasville, Georgia (hereinafter, "the Facility"), as well as to Kasheim Castillo, Torrie (Reece) Ellis, and Nicole Samuels, regardless of where they may be stationed or at which Defendant entity they may be employed. Each training program shall include, at minimum: (a) an explanation of the language in Paragraph 2 of Exhibit A to this Consent Decree, including but not limited to the provision that

> all qualified employees are entitled to seek reasonable accommodations that are required by the ADA and the case law thereunder for their disabilities. Other than for a narrow set of conditions, **the source of any disability is irrelevant to whether an employee is entitled to a reasonable accommodation for their actual or record of disability as defined by the ADA**. All employees with disabilities are encouraged to seek reasonable accommodations necessary to provide equal employment opportunity.

(b) a description of the ADA, the types of conduct or policies that constitute discrimination because of disability; and (c) the rights and responsibilities of employees and managers regarding the reasonable accommodation of disabilities.

The first training program shall be completed within one-hundred and twenty (120) days of the entry of this Consent Decree. The subsequent training program shall be conducted approximately one-year thereafter. At least fifteen (15) business days prior to each program, Defendants shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendants should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendants shall certify to the Commission that the training is complete and shall provide the Commission with a roster of all employees in attendance.

7.    **Notice Posting.** Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Sam's Club shall post the attached Employee Notice, marked **Exhibit A**, hereby made a part of this Consent Decree on its OneWalmart intranet or in the Facility where it will be accessible to all associates in the Facility. Within thirty (30) days after entry of this Consent Decree, Defendants shall certify to the Commission that the Notice has been posted pursuant to this provision.

8. **Neutral Reference.** Should Joseph desire employment verification from Walmart, Joseph may provide any prospective employer or other inquiring party to whom Joseph desires to give such reference, the telephone number of Defendant's The Work Number for Everyone® (1-800-367-5690), which will verify Joseph's dates of employment and positions held and, if authorized by Joseph, last pay rate.

9. **Defendants' Contact.** All notices to Defendants by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Terri Stewart at tstewart@fisherphillips.com. If at any time during the term of this Consent Decree Defendants' designated point of contact changes, Defendants shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

10. **Reporting.** During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information with respect to individuals employed at the Facility:

    a. the identities of all individuals who requested an accommodation through Defendants' formal procedure for doing so and whose request was denied, including each such person's name and position title;

    b. for each individual identified in 10.a above, an explanation of why the request was denied;

    c. for each individual identified in 10.a above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

    d. for each individual whose employment status has changed as identified in 10.c. above, a statement explaining why the individual's employment status has changed.

Defendants shall provide the last known email address, home address, and telephone number of an individual identified in response to 10.a. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

11. **Communication to the Commission.** All reports or other documents sent to the Commission by Defendants pursuant to this Consent Decree shall be sent

by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

Marcus G. Keegan
Regional Attorney
U.S. Equal Employment Opportunity Commission
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

12.     **Compliance Review.** The Commission may review compliance with this Consent Decree. As part of such review, with at least five business days' notice to Defendants, the Commission may request certification of Defendants' compliance with Paragraph 7 of this Consent Decree and request copies of documents relevant to Defendants' compliance under this Consent Decree.

13.     **Noncompliance.** If at any time during the term of this Consent Decree the Commission believes that Defendants are in violation of its terms, the Commission shall give notice of the alleged violation to Defendants. Defendants shall have thirty (30) days in which to investigate and provide written response to the allegations. Thereafter, the Parties shall have a period of thirty (30) days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. **Scope and Duration of Decree.** This Consent Decree applies solely to the Facility. This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

15. **Court Retains Jurisdiction.** This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

16. **Costs and Fees.** Except as provided herein, each party shall bear its own costs and attorney's fees.


_August 28, 2025_____                        _____
Date                                                            STEVE C. JONES
                                                                     UNITED STATES DISTRICT JUDGE

The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | SAM'S EAST, INC. and WALMART INC. |
| MARCUS KEEGAN<br>Regional Attorney | */s/ Terri R. Stewart (w.e.p.)*<br>Terri R. Stewart<br>Georgia Bar No. 244624<br>tstewart@fisherphillips.com<br>Myra K. Creighton<br>Georgia Bar No. 195660<br>mcreighton@fisherphillips.com<br>David P. Lerner<br>Georgia Bar No. 853678<br>dlerner@fisherphillips.com<br>Matthew T. Sharon<br>Georgia Bar No. 723611<br>msharon@fisherphillips.com |
| LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney | |
| ROBYN M. FLEGAL<br>Acting Assistant Regional Attorney | |
| */s/ Fahad A. Khan*<br>Fahad A. Khan<br>Trial Attorney<br>Georgia Bar No. 442892<br>fahad.khan@eeoc.gov | |
| U.S. EEOC<br>Atlanta District Office<br>100 Alabama St. SW, Suite 4R30<br>Atlanta, GA 30303<br>Telephone: (470) 531-4811<br>Facsimile: (404) 562-6909 | FISHER & PHILLIPS LLP<br>1230 Peachtree Street NE<br>Suite 3300<br>Atlanta, Georgia 30309<br>Telephone: (404) 231-1400<br>Facsimile: (404) 240-4249 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SAM'S EAST, INC. and WALMART INC., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:25-CV-00222-SCJ-CMS |

## EMPLOYEE NOTICE

1.   This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission, and Sam's East, Inc. and Walmart Inc. in a case alleging discrimination on the basis of disability in violation of the Americans with Disabilities Act ("ADA"). Sam's East, Inc. and Walmart Inc. deny the allegations that they engaged in any unlawful conduct, including but not limited to conduct in violation of the ADA.

2.   The Americans with Disabilities Act (ADA) requires that employers not discriminate against any employee or applicant for employment because of the individual's disability. It also requires that employers provide reasonable accommodations as defined by the ADA and case law thereunder to any person with an actual or record of disability, unless such accommodation creates an undue hardship on the employer or a direct threat to self or others. All qualified employees are entitled to seek reasonable accommodations for their disabilities. Other than for a narrow set of conditions, the source of any disability is irrelevant to whether an employee is entitled to a reasonable accommodation for their actual or record of disability as defined by the ADA. All employees with disabilities are encouraged to seek reasonable accommodations necessary to provide equal employment opportunity.

3.      Sam's East, Inc. and Walmart Inc. will not unlawfully discriminate by failing to provide a reasonable accommodation as defined by the ADA to an employee with an actual or record of disability. Furthermore, Sam's East, Inc. and Walmart Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.      Associates who would like to request a reasonable accommodation due to a disability should contact the Accommodation Service Center at 1-855-489-1600 and follow the instructions provided. Associates may seek reconsideration of the ASC's determination for up to 30 days after the determination by calling 1-855-489-1600. Associates may also request assistance from the Store Manager, the Co-Manager(s), the People Lead, or the People Operations Lead. Complaints may be reported confidentiality and/or anonymously to the Global Ethics & Compliance Office using one of these methods:

- www.walmartethics.com and selection "Report a Concern"
- Access True North on the WIRE and select "Report a Concern"
- Email ethics@walmart.com
- Call 1-800-WMETHIC (1-800-963-8442)

Associates also have the right to report allegations of employment discrimination in the workplace. An Associate may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

5.      This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2027.